# CHARLESTON.

## CROCKETT v. REYNOLDS.

Submitted September 28, 1915.   Decided October 19, 1915.

JUSTICES OF THE PEACE—*Garnishment*—"*Appearance*"—*Rehearing*.

> The mere tender to a justice, in garnishment on a judgment, before the return day of the notice thereof to the garnishee, of a paper purporting to be a list of property by the debtor claimed exempt from levy under execution, does not constitute an appearance by him to such proceeding, or preclude the right given him by §124, ch. 50, Code, to have a rehearing thereof, he not being served with the notice required by §120 of that chapter or otherwise participating therein.

Error to Circuit Court, Mercer County.

Action by John L. Crockett against F. M. Reynolds. Judgment for plaintiff, and the Norfolk & Western Railway Company was summoned as garnishee. Judgment against the garnishee, and defendant brings error.

*Reversed and new trial awarded.*

*Ross & Kahle,* for plaintiff in error.

*Russell S. Ritz,* for defendant in error.

LYNCH, JUDGE:

On a judgment for $303.01 including interest, rendered by a justice of Mercer county May 27, 1908, in his favor against F. M. Reynolds, John L. Crockett caused to be issued and placed in the hands of W. H. Pennington, a constable of that

county, for levy on the goods and chattels of the judgment debtor, an execution. Then also upon the suggestion of Crockett that the Norfolk & Western Railway Company had in its possession funds belonging to Reynolds, not exempt from levy, the justice entered an order directing Pennington to summon the company to appear April 10 to answer whether it then had such funds under its control and if any the amount thereof. The judgment debtor was not named in the order. Nor was a copy of it served on him. The only notice he had of the proceeding to appropriate his wages to the payment of the judgment, he obtained from the company when it declined to pay him upon his application therefor, because garnisheed in its hands. He then caused to be prepared and on April 1, 1911, delivered to the justice or constable (which he does not remember) a paper purporting to be a schedule, verified by his affidavit, showing the items of property claimed by him as exempt from the levy of the execution, among the items being the debt due him from the garnishee. For these several items, except the amount sought to be sequestered, he did not fix any value. The affidavit, however, did state that affiant owned property not to exceed $200 in value.

April 4, 1911, John L. Crockett, and another as surety, entered into a three hundred dollar bond payable to Reynolds, upon the condition that the obligors "shall indemnify the said W. H. Pennington as aforesaid against all damages which he may sustain in consequence of the seizure or sale of the said property on which the said execution hath been levied, and shall moreover pay to and satisfy any person‧ or persons claiming title to the said property all damages which such person or persons may sustain in consequence of such seizure or sale, and shall also warrant and defend to the purchasers of the said property such interest and estate therein as shall be sold under the said execution''.

On the return of the suggestion notice, the railway company appeared, and admitted an indebtedness to Reynolds of $128.31, which sum the justice directed the garnishee to pay to Crockett on the judgment theretofore rendered in his favor; and it was so paid.

At a rehearing granted Reynolds upon his complying with the terms and conditions of §124, ch. 50, Code, and for the

purpose therein specified, the order requiring payment of the garnisheed funds was affirmed by the justice, and Reynolds appealed to the circuit court. The judgment there entered against him upon the verdict of a jury is now here upon a writ of error thereto.

By presenting the schedule to the justice, it is argued by defendant in error, Reynolds appeared to the garnishment proceeding, and waived the notice to him required by §120, ch. 50, Code; and that, as he did not, within the time prescribed by law, appeal from the order directing payment and application of the funds due him to the partial discharge of the original judgment, the rehearing and proceedings subsequent thereto ought to have been and now should be dismissed.

The schedule was so delivered, if at all, nine days before the return day of the notice served on the garnishee. Besides, it does not definitely appear with whom that paper was lodged. The statement of facts agreed on by counsel leaves that matter doubtful. Therein it is stated that "the exemption list was either filed at that time by the said F. M. Reynolds in person or by his attorney, with the justice or with W. H. Pennington, the constable for the justice". To operate as a waiver of notice, made imperative as the basis of a proceeding wholly statutory, the appearance must not be a doubtful or uncertain one. To be effectual as an actual submission to the jurisdiction of the court, it must be certain and general. A special appearance will not suffice. The list was indeed not filed anywhere. No record shows its filing. Apparently, it is a mere fugitive paper. An appearance is the first formal act of submission to the jurisdiction of the court, and is triable only by the record. *Groves* v. *County Court,* 42 W. Va. 587; *Frank* v. *Zeigler,* 46 W. Va. 614. In a proceeding by garnishment, the jurisdiction of the justice must affirmatively appear. This principle is elementary. *Wells* v. *Express Co.,* 55 Wis. 26, 11 N. W. 540.

The mere protestation against the exercise of jurisdiction is not such an appearance as will waive an objection based on lack of proper service of process. *Chubback* v. *Cleveland,* 37 Minn. 466. Acceptance of notice by a nonresident defendant to take depositions is not an appearance to the cause. *White*

v. *White,* 66 W. Va. 79. The presence of an unserved defendant, though accompanied by attorney, merely as a spectator, when the case is called, is not a submission to the jurisdiction of the court, unless in some way he participates in the proceedings therein. *Fulton* v. *Ramsey,* 67 W. Va. 321.

In *Chittenden* v. *Darden,* 2 Woods 437, 5 Fed. Cas. 642, the unserved defendants in foreign attachment executed and filed a bond for release of the property seized under the writ. This action, it was contended, constituted an appearance, and a waiver of process. Denying it that effect and quashing the attachment, the court said the giving of the bond did not "amount to a voluntary appearance of the defendants, nor· give the court jurisdiction over their persons". Substantially a similar holding is found in *Wells* v. *Iron Works,* 3 Tex. App. Civ. Cas. 365, and *Prater* v. *Craighead,* 118 La. 627. In *Coplinger* v. *The Gibson,* 14 Ind. 480, a steamboat was seized under attachment, and a bond given for its release. But it was held that the filing of the attachment bond, and the taking of depositions on behalf of the vessel, did not "constitute a voluntary appearance to the suit". And this court has said that, by the giving of a forthcoming bond under the statute, "the defendant does not waive irregularities and defects in the attachment proceedings". *Distilling Co.* v. *Himmel,* 74 W. Va. 756.

Had Reynolds appeared before the justice at the time fixed for the return of the notice served on the garnishee, and by filing the exemption list or otherwise contested the right of Crockett to sequester and apply his wages as a credit on the judgment, such action on his part may have constituted a waiver of other notice and an appearance in fact. But the mere informal presentation of a schedule of his property, conceding its efficaciousness as an exemption list, would not operate as a waiver of a process required by statute, or as a submission of his person to the jurisdiction of the justice in the garnishment proceeding.

Indeed, the schedule was inefficacious for any purpose, unless cured by the uncontested affidavit attached thereto, saying "the foregoing is a complete list by separate items of all the personal property and estate owned" by Reynolds, and that "the total valuation thereof does not exceed two hundred

dollars". Had it strictly complied with the statute in all respects, and operated as a waiver of notice, the contention that it precluded the maintenance of the proceeding on the rehearing allowed by the justice, and now here upon appeal, would have been justified. Section 121 of chapter 50, it will be observed, prescribes the course of proceeding in cases of this character; and the justice may have concluded that, if filed with him as a part of the record in the case, the exemption list was not a sufficient compliance with that section.

To the question whether the evidence sufficiently established the facts of the parentage and residence of Reynolds and the value of the property owned by him, uncontradicted as it was, the only answer here is that the proof was sufficient for submission to the jury convened to try the case. However, as to residence, see *Diddier* v. *Patterson,* 93 Va. 534; *Long* v. *Ryan,* 30 Gratt. 718; *Dean* v. *Cannon,* 37 W. Va. 123. That question the jury was not permitted to determine, as the verdict obviously was rendered "under the direction of the court", though no such instruction is noted in the record. The judgment entered thereon evinced the assent of the court that it did direct the finding for Crockett on all the issues joined between the parties. This direction was prejudicial and erroneous, whether based on the insufficiency of the evidence or on the assumption that the filing of the exemption list operated as an appearance to the proceeding by garnishment.

For defendant in error, it is further argued that Reynolds can not in this proceeding require Crockett to refund to him the amount of the wages garnisheed, for the reasons, first, that he failed to file his schedule with the constable in whose hands was the writ of execution; second, that his remedy was by an action on the bond given by Crockett; and, third, that payment to Crockett precluded further litigation in this proceeding. As applied to the facts of this case, none of these propositions is tenable. The first is not, because the statute provides that the defendant may contest before the justice the right to sequester the funds in the hands of the garnishee, and specifies the particulars of such defense; the second, because of the election of defendant between a suit on the bond and the method adopted by him—neither remedy was exclusive;

and the third, because the statute expressly authorizes the course pursued by plaintiff.

For the reasons herein assigned, an order will be entered reversing the judgment and remanding the case for new trial.

*Reversed and new trial awarded.*