# Richmond

MARGARET M. CRETEAU v. PHOENIX ASSURANCE COMPANY OF NEW YORK.

April 24, 1961.

Record No. 5213.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead, I'Anson and Carrico, JJ.

The opinion states the case.

*Stanley E. Sacks* (*Herman A. Sacks; Sacks and Sacks,* on brief), for the plaintiff in error.

*M. T. Bohannon, Jr.* (*Herbert and Bohannon,* on brief), for the defendant in error.

SNEAD, J., delivered the opinion of the court.

This appeal by Margaret M. Creteau resulted from an order sustaining a demurrer of Phoenix Assurance Company of New York to her amended motion for judgment.

Plaintiff alleged in her amended motion for judgment that Phoenix, the defendant, on March 14, 1959, issued a liability insurance policy on an automobile owned by Thomas Lee McBryde; that while she was a passenger in the car driven by McBryde it became involved in an accident on May 2, 1959; that on October 2, 1959, in the Court of Law and Chancery of the City of Norfolk she obtained a judgment against Walter Rawls, an uninsured motorist, in the sum of $5,000 for injuries received in the accident; that the amount remained unpaid as Rawls was without effects; that Phoenix had actual notice of the time, date and place of the trial well in advance of it, and that Phoenix had its representative and counsel in court during the trial of the case, but he did not participate therein.

It was further alleged that on the day the action was instituted against Rawls, plaintiff, through her attorney, requested the Clerk of the Court to issue process to be served on Phoenix pursuant to Code § 38.1-381; that the clerk refused to issue the process because he thought it improper; that as a result thereof no process was served on Phoenix, and that plaintiff had complied with all the provisions and requirements of § 38.1-381 as it was in effect at the time the policy was issued to McBryde and was entitled to payment of $5,000 plus $1,666 attorneys' fees from Phoenix by reason of the uninsured motorist endorsement attached to the policy.

■ The demurrer was sustained on the ground that plaintiff did not comply with Code § 38.1-381(e)(1) in that process was not served on Phoenix in her action against Rawls. Subsection (e)(1) was added to § 38.1-381 by ch. 70, Acts of Assembly, 1959, Ex. Sess. It became effective April 27, 1959, about a week prior to the accident here involved, and it reads:

"Any insured intending to rely on the coverage required by paragraph (b)[1] of this section shall, if any action is instituted against the owner or operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured motor vehicle or in its own name; provided, however, that nothing in this paragraph shall prevent such owner or operator from employing counsel of his own choice and taking any action in his own interest in connection with such proceeding.

"This subsection shall not apply to any cause of action arising prior to the effective date of this amendment."

Plaintiff asigns as error the court's action in sustaining defendant's demurrer, in entering summary judgment for defendant, and asserts that the judgment is contrary to law.

The language of subsection (e)(1) is clear and unequivocal. It provides that if an insured intends to rely on the coverage required by subsection (b) he "*shall*, if any action is instituted against the owner or operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; * * *." (Italics supplied.) It is evident that a copy of the process must be served on the insurance company before it may be held liable under the uninsured motorist act. The language employed is mandatory and establishes a condition precedent to the

---

[1] "(b) Nor shall any such policy or contract be so issued or delivered unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of § 46.1-1 (8), as amended from time to time, of the Code herein. Such endorsement or provisions shall also provide for no less than five thousand dollars coverage for injury to or destruction of the property of the insured in any one accident but may provide an exclusion of the first two hundred dollars of such loss or damage."

benefits of the statute unless waived by the insurance company. Plaintiff stated in her amended motion for judgment that a copy of the process was not served upon Phoenix in her action against Rawls. Such being the case she failed to meet the statutory requirements.

Plaintiff's main contention is that Phoenix waived service of a copy of the process upon it and she is therefore entitled to recover. She argues that since Phoenix had actual notice of the pendency of her action against Rawls, had ample notice of the time and place of trial, and had a legal representative present at the trial who did not participate in it, a waiver of the requirements of subsection (e)(1) was effected.

In 19 M. J., Waiver, § 2, pp. 534, 535, it is stated:

"Waiver is the intentional relinquishment of a known right, with both knowledge of its existence and an intention to relinquish it.

"Waiver applies to any right conferred by law or contract. This right may or may not be exercised by the person holding it. Being for his own benefit, no one is concerned in its relinquishment save himself. Hence, the owner of such right may waive it expressly, either in writing or by parol, and impliedly by inconsistent conduct; that is to say, a covenantor may by his conduct so lull his covenantee into security as thereby to estop himself from the exercise of a right for which he had contracted.

"A waiver of legal rights will not be implied except upon clear and unmistakable proof of an intention to waive such rights. But silence, when there is a duty to speak, may result in the waiver of one's rights."

In *Crockett* v. *Reynolds*, 76 W. Va. 763, 766, 86 S. E. 881, it was said:

"* * * The presence of an unserved defendant, though accompanied by attorney, merely as a spectator, when the case is called, is not a submission to the jurisdiction of the court, unless in some way he participates in the proceedings therein. *Fulton* v. *Ramsey*, 67 W. Va. 321."

We find under the facts alleged in the amended motion for judgment that Phoenix did not expressly, either in writing or parol, or by inconsistent conduct waive the service of process upon it in plaintiff's action against Rawls. The motion merely alleged that Phoenix had actual notice of the time, date and place of trial well in advance of it, and that Phoenix had a legal representative present at the trial

who did not participate therein. That is not enough to constitute a waiver of service of process.

We turn next to a consideration of plaintiff's contention that subsection (e)(1) is not applicable to the present case. She maintains that plaintiff's right against Phoenix arises from the terms of the policy Phoenix issued to McBryde, which was prior to the enactment of this subsection; that § 38.1-381 as in effect when the policy was issued became a part of the policy and it did not provide for the service of a copy of the process upon the insurer, and that the subsequent amendment adding subsection (e)(1) did not in any way affect the existing policy. With this contention we cannot agree. Plaintiff's cause of action arose after subsection (e)(1) became effective. The amendment is procedural and it does not deprive plaintiff of any rights under the liability insurance policy. In *Phipps, Adm'r v. Sutherland*, 201 Va. 448, 452, 111 S. E. 2d 422, Mr. Justice I'Anson, speaking for the court, said:

"* * * Vested interests and contractual rights may not be impaired or destroyed, but mere matters of procedure and remedy for their enforcement or preservation may be altered, curtailed or repealed at the will of the legislature so long as a reasonable opportunity and time are afforded to enforce and protect such interests and rights. *Duffy v. Hartsock*, 187 Va. 406, 416, 46 S. E. 2d 570, 574."

Plaintiff argues that she did all she could to comply with subsection (e)(1) in that she requested the clerk to issue a copy of the process to be served on Phoenix in her action against Rawls. It is not stated in the amended motion for judgment why he considered it improper. Plaintiff's underlying motion for judgment against Rawls is not in the record and we have no knowledge whether it contained sufficient information to show that a copy of the process should have been issued for service upon Phoenix. Without such showing the presumption is that the clerk acted properly. We hold that under the circumstances in this case, and because of the lack of the issuance and service of process upon the insurer pursuant to § 38.1-381(e)(1), 1960 Cumulative Supplement, Code 1950, there is no basis for holding the insurer liable in this proceeding.

For the reasons given, the judgment appealed from is

*Affirmed.*