LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Smith

v.

Clement
and John Doe

January 22, 1963

Case No. A-5036

By JUDGE ALEX H. SANDS, JR.

This matter is before the Court upon the special plea number 3 filed by John Doe. In view of the turn which the case has taken to this point a brief review of the proceedings to date is in order.

Plaintiff sued a known defendant and an unknown defendant for injuries received in an accident between a vehicle in which plaintiff was riding and a vehicle driven by defendant Clement and an unknown defendant, respectively. Counsel for the insurance carrier upon the car in which plaintiff was riding filed in the name of John Doe a plea in abatement, motion to quash service of summons and process, and special pleas numbered 1, 2 and 3. Plea in abatement, motion to quash, and special pleas 1 and 2 were considered by the Court as without merit.

Special plea number 3, to which an affirmative reply was requested, alleged failure of compliance upon plaintiff's part with Code Section 38.1-381(d), and in view of plaintiff's affirmative reply filed,

the Court was of opinion (1) that there had been such failure, and (2) that such failure was fatal to plaintiff's right to recover under the uninsured motorist endorsement by virtue of the holding in Creteau v. Phoenix Assur. Co., 202 Va. 641 (1961), and so advised counsel by letter of July 5, 1962.

Prior to entry of order, however, John Doe v. Brown, 203 Va. 508 (1962), was brought to the Court's attention which raise the doubt whether the matter asserted in John Doe's special plea number 3 could be raised in this proceeding and the Court requested reargument of the matter in the light of the Brown case.

After hearing argument of counsel and a restudy of the Brown case and related cases, it is the Court's view that the matter contained in special plea number 3 cannot be raised at this time. Failure of plaintiff to comply with Code sec. 38.1-381 is not fatal to plaintiff's right of action against John Doe but only to her right of recovery against the insurance carrier under the uninsured motorist endorsement of its policy. Thus the process as to John Doe is good. The company is not a party to this suit and any defense as to its liability is therefore prematurely raised in this action. John Doe v. Brown, supra.

Counsel for John Doe (actually counsel for the interested carrier) complains that unless he can challenge plaintiff's right of recovery against the company at this stage that the company is forced to defend and participate in a suit when its ultimate liability is already determined to be nonexistent by the admission of plaintiff in the John Doe action. This, however, is not the situation. The insurer is given the choice (38.1-381(e)) of (a) pleading and taking action in John Doe's name, (b) in its own name, or (c) doing nothing. If the insurer is confident of its ultimate freedom from liability, it can refrain from any action in the John Doe proceeding. This is precisely what the insurer did in Creteau v. Phoenix Assur. Co., supra, and prevailed.

For the above reasons the motion to quash process, the demurrer and the three special pleas filed in the name of John Doe will be overruled.