# Richmond

## FREDERICK W. ENOS v. FIDELITY AND CASUALTY COMPANY OF NEW YORK.

June 16, 1969.

Record No. 6945.

Present, All the Justices.

*Robert M. Furniss, Jr. (Alan S. Mirman; Furniss & Davis,* on brief), for plaintiff in error.

*William T. Prince (Williams, Worrell, Kelly & Worthington,* on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

On August 24, 1966, Frederick W. Enos filed his motion for judgment to recover damages sustained by him in an accident involving a motor vehicle driven by James R. Stout, Jr. and owned by Tidewater Dodge, Incorporated. He alleged that Stout was the agent of Tidewater Dodge, which agency was denied by the company in its grounds of defense. No appearance was made by Stout.

In January, 1967, Enos amended his motion for judgment and incorporated therein an allegation that "plaintiff is of the opinion and belief that the defendant, James R. Stout, Jr., is an uninsured motorist". He caused a copy of this amended motion to be served upon his own liability insurance carrier, Government Employees Insurance Company (GEICO) under the provisions of Code § 38.1-381 (e) (1) (1968 Cum. Supp.).

At the trial of the case on April 17, 1967, Enos, Tidewater Dodge and GEICO were represented by counsel. Stout was not present and was not represented. The evidence against Tidewater Dodge was struck and judgment entered in its favor. Enos recovered a verdict for $2500 against Stout and judgment was entered accordingly.

Thereafter Enos filed this action to recover the amount of his judgment from Fidelity and Casualty Company of New York alleging that at the time of the accident there was in existence an automobile liability insurance policy issued by this company to Tidewater Dodge, covering persons operating their motor vehicles, and that this coverage was extended to cover Stout as a permissive user.

Fidelity and Casualty moved to dismiss the action on the ground that Enos, having amended his motion for judgment against Stout to allege that he was an uninsured motorist, is now estopped to claim that Stout was a permissive user of the vehicle of Tidewater Dodge and thereby an insured under the policy issued by Fidelity and Casualty. The court below agreed and dismissed with prejudice the action against Fidelity and Casualty. It was to this final order that we granted Enos a writ of error.

The issue before us is a narrow one. Is Enos estopped by his conduct and allegations in his action for damages against Stout and Tidewater Dodge—claimed to be inconsistent with the position he now asserts—from attempting to recover of an insurer of the vehicle being driven by Stout, the judgment he obtained?

There does not appear to be any controversy that the vehicle which inflicted the damages sustained by Enos was owned by Tidewater Dodge, and was being operated at the time by Stout. If Stout was then acting as the agent of the owner, his principal was liable, and the liability coverage of the principal was applicable.

If at the time of the accident Stout was a person responsible for the the use of, or using the motor vehicle with the consent, expressed or implied, of Tidewater Dodge, then this company's liability insurance

policy protected Stout against liability for damages occasioned as the result of his negligence. Code § 38.1-381 (1968 Cum. Supp.).

Enos apparently believed, when he filed his original motion, that Stout, at the time of the accident, was acting as the agent of Tidewater Dodge. Presumably, and because of developments in the litigation, and to cover the possibility that Stout was neither agent nor permissive user, Enos amended his motion for judgment to contain an allegation that he "was of the opinion and belief that the defendant, James R. Stout, Jr., was an uninsured motorist". Manifestly the object of this amendment was to alert and to notify Enos' own liability carrier that he had become involved in an accident with a person who was or might be an uninsured motorist. The amendment was unnecessary, for Enos could have accomplished the same purpose by serving a copy of the original motion for judgment on GEICO, in the manner provided for by Code § 38.1-381 (e) (1) (1968 Cum. Supp.). See *Roenke* v. *Virginia Farm Bureau Ins. Co.*, 209 Va. 128, 161 S. E. 2d 704 (1968) and *Creteau* v. *Phoenix Assurance Co.*, 202 Va. 641, 119 S. E. 2d 336 (1961).

Furthermore, it appears that Stout ignored the action brought by Enos. He filed no responsive pleadings, and none was filed in his behalf by an insurance company, the effect of which was to deny coverage. As a result of this action on the part of Stout and the company, the motor vehicle he was driving became an "uninsured motor vehicle" as defined in Code § 38.1-381 (c) (ii) (1968 Cum. Supp.). To avail himself of the provisions of his liability policy, and the uninsured motorist law, all that Enos had to do was to serve a copy of the process upon his company in the manner provided for by law.

However, this did not determine that Stout was in fact an uninsured motorist, because the issues in the accident case concerned liability for damages and the amount of recovery. Whether or not there was liability coverage on the vehicle, and by what company, involves other considerations, insurance contracts, the relations of the parties and certain statutes.

A person suffering an automobile accident with another seldom has personal knowledge of the status of the other vehicle, the owner, the driver, the name of the company having liability coverage, whether the driver is an agent of the owner, is a permissive user, or is uninsured. This information has to be developed, and sometimes can be determined only after protracted litigation. Whether or not the driver is an agent of the owner at the time of the accident, or a

permissive user, is usually a question of fact, and sometimes one of law.

From an examination of the record, it is obvious that the status of Stout, whether agent or permissive user, insured or uninsured, was in doubt. If uninsured, then Enos was entitled to have the benefit of the coverage afforded him by the uninsured motorist provisions of his own liability policy. Had he failed to notify his company of the possibility that he had sustained damages at the hands of an uninsured motorist, he would have lost the benefit of such coverage.

It is not inconsistent for an injured plaintiff to allege that a person causing him injury is a permissive user of the vehicle driven, and therefore protected by the liability insurance coverage of the owner; and later conclude and allege that such person is an uninsured motorist.

The company having the coverage on Enos has no cause to complain. It received notice of the accident and the pending litigation and could take appropriate action to protect its rights and those of the alleged uninsured motorist.

The company having the liability coverage on the other vehicle (in this case the vehicle operated by Stout and owned by Tidewater Dodge) has no cause to complain. It was in the best position to know the true facts about the accident, the name and status of the driver of the vehicle it insured, and of the pendency of the case. It too could take such action as was appropriate to protect the rights of the company, as well as the rights of the insured, its agent or permissive user, if he were such.

The duty rested on Fidelity and Casualty to defend the case, and satisfy the judgment within the limits of the policy, if Stout were either the agent of Tidewater Dodge or a permissive user of the vehicle. It has been decided that he was not an agent. It remains to be determined in this action whether he was a permissive user. If not a permissive user, then Stout occupies the status of an uninsured motorist and the coverage of the Enos policy applies, and the responsibility becomes that of GEICO, assuming that Enos has complied with the provisions of his policy and the Uninsured Motorist Law.

*General Accident* v. *Aetna*, 208 Va. 467, 158 S. E. 2d 750 (1968), is not in point. In that case General Accident paid and satisfied a judgment under an uninsured motorist endorsement and claimed that it was subrogated to the rights of its insured, not only against the tort-feasor, but against the carrier allegedly insuring the tort-

feasor. We held that the rights of subrogation are against the tort-feasor, and not against another insurance company.

In the instant case it was stated at the bar of the court that the judgment recovered by Enos against Stout has not been paid. GEICO is not a party to this cause.

Fidelity and Casualty says that Enos is being represented here by attorneys employed by GEICO, with an understanding that if he does not recover of Fidelity and Casualty it (GEICO) will satisfy his judgment. Council admits that someone owes Enos the amount he recovered for damages sustained in an accident with a vehicle driven by Stout. Admittedly if Stout was neither agent nor permissive user of Tidewater Dodge, then Fidelity and Casualty has no obligation to pay. If Stout is in fact an uninsured motorist the liability becomes that of GEICO.

In *General Accident* v. *Aetna, supra*, General Accident did not wait for the coverage to be determined before making payment, but relied upon subrogation. In the instant case GEICO, while not denying the possibility of its ultimate liability, is saying that the primary coverage is that of Fidelity and Casualty under the omnibus provision of the policy it issued Tidewater Dodge. The object of this case is to determine that question.

We are of opinion that the lower court erred in granting the motion of Fidelity and Casualty to dismiss. Its order is reversed, and the cause remanded and reinstated on the docket of the court below for such further proceedings as may be indicated consistent with this opinion.

*Reversed and remanded.*