387 S.E.2d 320

**Drema Carole ARA**

v.

**ERIE INSURANCE COMPANY and Guy Amato Insurance Agency, Inc.**

and

**Drema C. ARA**

v.

**Ronald N. ROSE and Robert L. Rose.**

No. 18485.

Supreme Court of Appeals of West Virginia.

Nov. 29, 1989.

Ralph C. Young, Hamilton, Mooney, Burgess, Young & Tissue, Oak Hill, for Drema Carole Ara.

Robert A. Burnside, Beckley, for Erie Ins. and Ronald N. Rose.

Charles E. Hurt, Charleston, for Amato Ins.

WORKMAN, Justice:

This is a consolidated appeal of two civil actions arising from an automobile accident which involved an uninsured motorist. The issue before this Court on appeal is whether Erie Insurance Company ("Erie"), the insurance carrier, is estopped from relying on appellant Ara's failure to comply with the notice provision of the uninsured motorist statute, W.Va.Code § 33–6–31(d) (Supp.1989), when the carrier had affirmatively declared that Ara's coverage had lapsed for non-payment of the premium. A procedural review of each of these underlying cases is necessary to fully understand the issues before this Court. For the sake of clarity, we will refer to the two Ara cases by designating the initial civil action filed by Ara against the uninsured motorist as Ara I and the second civil action filed by Ara against Erie as Ara II.

### ARA I

On August 9, 1985, an uninsured motorist collided with the automobile which appellant Ara was driving. When Ara contacted her insurance agent, Guy Amato Insurance Agency, Inc. (Guy Amato), she was informed that her policy had lapsed for non-payment of the premium on July 30, 1985.[1] After verifying the policy cancellation with the insurance carrier, Ara filed a personal injury action against the driver and owner of the automobile which struck her. Based on the representation by Erie's agents that her automobile policy was not in effect as of the date of the accident[2], Ara did not serve a copy of the summons and complaint on Erie as required by W.Va. Code § 33–6–31(d)[3] to invoke the statutory

---

1. Through payment of delinquent premiums, the policy was ultimately reinstated effective August 12, 1985.

2. The parties do not dispute the fact that Erie denied coverage for the period when the accident occurred.

3. W.Va.Code § 33–6–31(d) provides in relevant part that:

Any insured intending to rely on the coverage required by subsection (b) of this section shall, if any action be instituted against the owner or operator of an uninsured or underinsured motor vehicle, cause a copy of the summons and a copy of the complaint to be served upon the insurance company issuing the policy, in the manner prescribed by law, as though such insurance company were a named party defendant; such company shall thereafter have the right to file pleadings and to take other action allowable by law in the name of the owner, or operator, or both, of

uninsured motorist coverage. Ara obtained a default judgment for the sum of $19,927.78 against the uninsured motorist on June 19, 1986.

## ARA II

When the uninsured motorist failed to satisfy the default judgment, Ara filed a separate civil action against Erie and Guy Amato in an attempt to recover the judgment obtained in Ara I.[4] The complaint filed against Erie and Guy Amato included three separate causes of action. Count 1 sought recovery of the judgment obtained in Ara I based on the uninsured motorist coverage contained in Ara's insurance policy. Count 2 set forth grounds of negligent cancellation and Count 3 sought damages for emotional distress and other intangible injuries.

In response to this complaint, defendant Erie filed a motion for summary judgment predicated on the following three grounds:

(A) The plaintiff failed to give the defendant the notice required pursuant to Chapter 33, Article 6, Section 31(d) of the West Virginia Code.

(B) The judgment obtained against the uninsured motorist was void for lack of proper service of process upon the uninsured motorist.

(C) The plaintiff had permitted her insurance policy with this defendant to lapse prior to the occurrence of the accident which was the subject of her [action] against the uninsured motorist, and was not in effect as of the date of that accident.

The trial court granted Erie's motion for summary judgment on the ground that Ara failed to give the insurer the mandatory notice required by W.Va.Code § 33–6–31(d).[5] The circuit court ruled that the granting of defendant's motion for summary judgment on the failure to give notice theory was dispositive of the whole case and dismissed Ara's action with prejudice.

Subsequent to the granting of Erie's motion for summary judgment, Ara had a new summons issued in the uninsured motorist action (Ara I). Appellant served the summons along with a copy of the Ara I complaint on Erie in an attempt to comply with W.Va.Code § 33–6–31(d) *ex post facto.* Ara then obtained an *ex parte* order setting aside the default judgment which she had obtained in Ara I. In response to Erie's motions, however, the circuit court quashed the summons and vacated the order which had set aside the default judgment.

After consolidating Ara I and Ara II, Ara appealed to this Court on the grounds that Erie waived its right to the statutory notice required by the uninsured motorist act by its denial that there was any policy in effect at the time of the accident. Alternatively, Ara assigned as error the circuit court's vacation of its own order setting aside the default judgment and the granting of Erie's motion to quash the summons.

the uninsured or underinsured motor vehicle or in its own name.

**4.** As this Court recognized in *Davis v. Robertson,* 175 W.Va. 364, 332 S.E.2d 819 (1985), W.Va. Code § 33–6–31 does not authorize direct action against the insurance company providing uninsured motorist coverage until a judgment has been first obtained against the uninsured motorist.

**5.** The circuit court explained its decision to award summary judgment to Erie as follows:

The language of Code 33–6–31(d) is clear and unequivocal. It states plainly that if the insured intended to rely on the uninsured motorist coverage of the policy the required notice in the manner provided *shall* be given. That this requirement is mandatory is demonstrated by the following cases and Section 330 of 7 Am.Jur.2d, Automobile Insurance. *Creteau v. Phoenix Assurance Co. of New York* [202 Va. 641], 119 S.E.2d 336 (VA [1961]); *State Farm Mutual Automobile Insurance Co. v. Duncan,* [203 Va. 440], 125 S.E.2d 154 (VA [1962]); *Squires v. National Grange Mutual Insurance Co.* [247 S.C. 58], 145 S.E.2d 673 (SC [1965]); *Unigard Insurance Co. v. Kemp* [141 Ga.App. 698], 234 S.E.2d 539 (GA [1977]). Therefore the court concludes and holds that under the present state of our statutes and laws that following the statute as required is a *sine qua non* condition precedent to reliance upon the uninsured motorist coverage against the insurer.

*Drema Carole Ara v. Erie Insurance Co.,* 86–C0702 (Raleigh Co.Cir.Ct. April 2, 1987) (letter opinion ruling on Erie's summary judgment motion).

Despite the procedural complexity of the cases on appeal, the primary issue before this Court is whether the circuit court properly interpreted the notice provision of the uninsured motorist act, W.Va.Code § 33–6–31(d), in determining that Ara's failure to comply with the notice requirements stood as a bar to proceeding against Erie on *any* theory, including negligent policy cancellation. Because we conclude that the issue of negligent cancellation may be determinative regarding the issue of statutory notice in this case, we must remand this case to the circuit court for further proceedings.

■ Viewing the statute without reference to the facts of this case, we are inclined to agree with the circuit court's conclusion that because the notice requirement of W.Va.Code § 33–6–31(d) is mandatory, failure to comply with this provision precludes recovery under the act.[6] The statute plainly and unmistakably provides that any insured intending to invoke the statutory uninsured motorist coverage "shall" serve the insurer with a copy of the summons and a copy of the complaint when an action is instituted against the owner or operator of an uninsured automobile. We have previously concluded that: "The word 'shall', in the absence of language in the statute showing a contrary intent on the part of the legislature, should be afforded a mandatory connotation." Syl.Pt. 2, *Terry v. Sencindiver*, 153 W.Va. 651, 171 S.E.2d 480 (1969). The statutory provision at issue presents no occasion for interpretation as it is free from ambiguity and its intent is plain. *See Russell Transfer, Inc. v. Moore*, 158 W.Va. 534, 212 S.E.2d 433, 435 (1975).

■ Although statutory interpretation is unnecessary, summary judgment was improperly granted because an inquiry into the facts giving rise to the unresolved issue of the alleged negligent or improper cancellation is necessary for a correct application of the law. *See* Syl.Pt. 3, *Aetna Cas. &*

*Sur. Co. v. Federal Ins. Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963). The clarification necessary here is the effect which such negligent or improper cancellation of Ara's policy may have on the application of the notice requirements of the uninsured motorist statute. If in fact Erie negligently or improperly cancelled Ara's policy and the appellant did have coverage on the date of the accident, then the issue of mandatory notice must be analyzed with equitable principles in mind.

■ Ara contends that Erie waived the notice requirement of the uninsured motorist statute by its denial of coverage. To support its claim of waiver, appellant cites numerous cases which hold that an insurance company may waive a contractual policy provision such as proof of loss requirements. *See e.g. Willey v. Travelers Indem. Co.*, 156 W.Va. 398, 193 S.E.2d 555 (1972); *Maynard v. National Fire Ins. Co.*, 147 W.Va. 539, 129 S.E.2d 443 (1963). Notwithstanding an insurer's right to waive a policy requirement, nothing in the cases cited by Ara supports the proposition that an insurer can waive a statutory duty imposed by the West Virginia Legislature. Furthermore, to effect a waiver, there must be evidence which demonstrates an intentional relinquishment of a known right. *Dye v. Pennsylvania Cas. Co.*, 128 W.Va. 112, 35 S.E.2d 865, 868 (1945). Waiver may be established by express conduct or impliedly, through inconsistent actions. *Creteau v. Phoenix Assurance Co.*, 202 Va. 641, 119 S.E.2d 336, 339 (1961) (quoting 19 Michie's Jurisprudence, *Waiver* § 2 (1970 & Supp.1987)).

The facts of this case are noticeably devoid of any act or conduct on the part of Erie which would indicate an intention to affirmatively waive the notice requirement of the uninsured motorist act. By its representations that the insurance policy at issue had been cancelled for non-payment,

---

**6.** For other decisions holding that compliance with the statutory notice requirements of an uninsured motorist act is a condition precedent to maintaining an action under the statute, see the following cases: *Criterion Ins. Co. v. Hoffmann*, 258 S.C. 282, 188 S.E.2d 459 (1972); *Glo-*

*ver v. Tennessee Farmers Mut. Ins. Co.*, 225 Tenn. 306, 468 S.W.2d 727 (1971); *Roenke v. Virginia Farm Bureau Mutual Ins. Co.*, 209 Va. 128, 161 S.E.2d 704 (1968); *Creteau v. Phoenix Assurance Co.*, 202 Va. 641, 119 S.E.2d 336 (1961).

the insurance company was not, either expressly or impliedly, waiving its right to service of the summons and complaint pertaining to Ara I. However, by responding to informal notice of a potential claim by informing the insured that coverage did not exist, essentially denying any obligation under a policy which they claimed no longer existed, the insurer may be estopped from asserting its right to the statutory notice.

Although the concepts of waiver and estoppel are frequently used interchangeably, there are significant distinctions. The doctrine of estoppel applies when a party is induced to act or to refrain from acting to her detriment because of her reasonable reliance on another party's misrepresentation or concealment of a material fact. *See United States ex rel. Humble Oil & Refining Co. v. Fidelity and Cas. Co.*, 402 F.2d 893, 897–98 (4th Cir.1968); *Mundy v. Arcuri*, 165 W.Va. 128, 267 S.E.2d 454, 456–57 (1980); Syl.Pt. 3, *Nisbet v. Watson*, 162 W.Va. 522, 251 S.E.2d 774 (1979). Estoppel is properly invoked to prevent a litigant from asserting a claim or a defense against a party who has detrimentally changed his position in reliance upon the litigant's misrepresentation or failure to disclose a material fact.[7] *See Motor Coach Industries, Inc. v. Dole*, 725 F.2d 958, 968 (4th Cir.1984) (citing *Community Health Services v. Califano*, 698 F.2d 615, 620 (3rd Cir.1983), *rev'd on other grounds sub nom. Heckler v. Community Health Services*, 467 U.S. 51, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984)).

Assuming, arguendo, that Erie negligently cancelled Ara's insurance policy and that coverage should have been in effect at the time of the accident, a textbook case of estoppel is presented. Ara clearly relied to her detriment on Erie's misrepresentation regarding coverage by not serving Erie with the Ara I summons and complaint.[8] Accordingly, an inequitable result would obtain under these facts if Erie were not estopped from raising Ara's failure to comply with the notice requirements of W.Va.Code § 33–6–31(d) as a defense to further legal proceedings. When an insured is wrongfully lulled into a belief that no coverage exists, the doctrine of equitable estoppel will preclude the insurer from raising the insured's failure to comply with the statutory notice requirements as a bar to enforcement of the uninsured motorist statute.

Accordingly, we hold that the order of the circuit court granting summary judgment to Erie is hereby reversed and this case is remanded to the circuit court for the purpose of adjudicating the issue of negligent cancellation. If the court determines that Ara's insurance policy was negligently or improperly cancelled and that coverage should have been in effect at the time of the accident, Erie is estopped from raising the notice requirements of the uninsured motorist statute as a bar to further legal proceedings. If the court determines, however, that the policy was rightfully cancelled due to non-payment of the premium, no coverage existed and accordingly, the provisions of the uninsured motorist act do not apply. As to appellant's alternative assignment of error regarding the circuit court's vacation of its order setting aside the default judgment obtained in Ara I and quashing the summons issued against Erie, we find no merit to this assignment and

---

7. The fact that estoppel has not been pled by appellant is of no consequence. Rule 8(c) of the West Virginia Rules of Civil Procedure only requires that estoppel be set forth as an affirmative defense "[i]n pleading to a preceding pleading...." Since estoppel is being invoked to bar a defendant from relying on an affirmative defense which was raised in an answer to the complaint and because no further responsive pleadings were required following the filing of the answer, W.Va.R.Civ.P. 7(a), Ara was not required to plead estoppel to permit its application. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1278 (1969) (discussing lack of need to plead any affirmative defenses to affirmative defenses raised by an answer because Rule 8(d) treats all affirmative defenses as automatically denied).

8. In an affidavit filed in Ara I, Ara's counsel in that action claims that the basis for Ara's failure to initially serve Erie with a summons and complaint was the "assurances by agents for Erie Insurance Company that no insurance policy covering Drema Ara was in effect as of the date of the accident...."

accordingly affirm the circuit court on this issue.

Affirmed in part; Reversed and remanded.