HARRIS, Chief Judge.
The primary issue on appeal is whether, under Virginia and West Virginia law, the plaintiffs’ claims for underinsured motorist benefits come within those states’ tort or contract statutes of limitation. The trial court granted summary judgment on the basis that the Virginia and West Virginia two-year tort statutes of limitation apply.
Linda Lunsford and Kelly Hott sustained injuries in an automobile accident which occurred on February 12, 1988 and involved two Florida tort-feasors. Hott was a passenger in a vehicle operated by Lunsford and leased by a Mr. Bierlien, a resident of Virginia. Both Lunsford and Hott were resident relatives of Mr. Bierlien’s household. Luns-ford had a policy with General Accident Insurance Company (G/A) which was issued to her in West Virginia. Bierlien had a policy with Alstate Insurance Company (Alstate) which he obtained in Virginia.
Lunsford and Hott filed suit against the Florida tort-feasors in Volusia County, Flori *346 da. The claim against the first tort-feasor was settled for less than policy limits and dismissed with the consent of Allstate and G/A, both of which waived their subrogation rights. The claim against the second tort-feasor, however, was settled and dismissed for less than policy limits without the consent of either insurer.
After the settlements with the tort-feasors, Lunsford and Hott filed suit in Volu-sia County, Florida against the insurance carriers for underinsured motorist coverage. Both insurance companies answered and raised numerous defenses, but neither company challenged jurisdiction. Among these defenses was the claim that the plaintiffs’ actions were barred by the two-year statutes of limitations for tort actions applicable in both Virginia and West Virginia. Allstate and G/A moved for summary judgment only on this point, arguing that the two-year tort statutes of limitations of Virginia and West Virginia respectively controlled in this case. The plaintiffs responded that the underin-sured motorists’ actions were not tort actions but were founded on the insurance contracts and therefore were governed by the five-year statute of limitations applicable to contract actions.
The trial court held that the law of Virginia and West Virginia governed the statute of limitations question and concluded that the plaintiffs’ claims were time barred by the two-year tort statutes. The trial court denied rehearing and this appeal followed. We reverse.
Appellants first contend that the trial court incorrectly applied West Virginia’s and Virginia’s two-year statutes of limitation because this action was actually based on the insurance contracts in question, not on the tort which caused the accident from which the plaintiffs’ injuries resulted. We agree.
In Plumley v. May, 189 W.Va. 734, 434 S.E.2d 406 (1993), the Supreme Court of Appeals of West Virginia unequivocally held that
[W]hen a direct action against an uninsured or underinsured motorist carrier is pursued, that action sounds in contract and is governed by the statute of limitations applicable to contract actions.... We also adhere to the general consensus that the statute of limitations does not begin to run until a breach of the contract occurs.
Based on Plumley, there is no doubt that an action against the insurance company for un-derinsured motorist coverage in West Virginia has a five-year statute of limitations.
Allstate concedes that the statute of limitations in Virginia on contract actions is also five years. We agree with Plumley that an action for underinsured motorist coverage against one’s insurance carrier is an action in contract. See Lambermens Mut. Cas. Co. v. August, 530 So.2d 293 (Fla.1988).
Allstate urges on appeal that in Virginia an insured is not entitled to maintain a cause of action for UM. benefits against its insurer until the insured has obtained a judgment against the tort-feasor. United Serv. Auto Ass’n v. Nationwide Mut. Ins., 218 Va. 861, 241 S.E.2d 784, 788 (1978) (citing O’Brien v. Gov’t Employees Ins. Co., 372 F.2d 335 (3d Cir.1967)). Because the judgment is the event that triggers the insured’s contractual rights against his own UM carrier, Allstate maintains that the carrier is under no obligation to the insured until the judgment is obtained. Midwest Mutual Ins. Co. v. Aetna Casualty and Surety Co., 216 Va. 926, 223 S.E.2d 901 (1976). Legal settlement is not an option unless the insurer waives its right to this condition precedent. Id. 223 S.E.2d at 904. In addition, Allstate urges that an insured who intends to seek recovery from his UM carrier in Virginia must serve the carrier with a copy of the process in any action instituted against the tort-feasor. Id. This service is a condition precedent to entitlement to the benefits of the UM statute unless waived by the insurance company. Id. See also Creteau v. Phoenix Assurance Co., 202 Va. 641, 119 S.E.2d 336, 339 (1961).
G/A maintains that similar law exists as it relates to an underinsured motorist claim in West Virginia. In Postlethwait v. Boston Old Colony Ins. Co., 189 W.Va. 532, 432 S.E.2d 802 (1993), the Supreme Court of Appeals of West Virginia held that a plaintiff is not precluded from suing his own UM carrier “if the plaintiff has settled with the *347 tort-feasor’s liability carrier for the full amount of the policy and obtained from the uninsured/underinsured carrier a waiver of its right of subrogation against the tort-feasor.” Id. 432 S.E.2d at 807, (emphasis added).
By the plaintiffs’ own admission, neither settlement was for policy limits and the insurers consented and waived their subrogation rights only as to one of the two tort-feasors. Allstate further contends that “nothing of record shows that [the plaintiffs] ever complied with the statutory service requirement” and maintains that summary judgment against the plaintiffs was proper because they failed to satisfy Virginia’s conditions precedent to maintaining an action for UM benefits.
Appellants’ problem is that their motions for summary judgment were based solely on the two-year tort statute of limitations argument. Their arguments relating to conditions precedent were not properly before the trial court at the hearing on the motions for summary judgment, and the court has not yet ruled on them. These arguments may, of course, be raised by subsequent motion.
REVERSED and REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.