# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**January 2016 Term**

_____

No. 14-1288

_____

**RICHARD PARSONS,**
**Petitioner,**

v.

**HALLIBURTON ENERGY SERVICES, INC.,**
**Respondent.**

**FILED**

**April 11, 2016**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

**Appeal from the Circuit Court of Kanawha County**
**The Honorable James C. Stucky, Judge**
**Civil Action No. 13-C-2241**

**AFFIRMED**
_____

**Submitted: February 24, 2016**
**Filed: April 11, 2016**

Jonathan R. Marshall, Esq.          Marla N. Presley, Esq.
Ryan McCune Donovan, Esq.           Bethany S. Wagner, Esq.
Bailey & Glasser, LLP               Jackson Lewis P.C.
Charleston, West Virginia           Pittsburgh, Pennsylvania
Rodney A. Smith, Esq.               Counsel for the Respondent
Todd S. Bailess, Esq.
Joy B. Mega, Esq.
Bailess Law, PLLC
Charleston, West Virginia
Counsel for the Petitioner

**CHIEF JUSTICE KETCHUM delivered the Opinion of the Court.**

**JUSTICE LOUGHRY concurs, in part, and dissents, in part, and reserves the right to file a separate opinion.**

**JUSTICE BENJAMIN, deeming himself disqualified, did not participate.**

**SYLLABUS BY THE COURT**

1.      "Although the doctrines of waiver and estoppel are both grounded in equity, they differ significantly in application.  To effect a waiver, there must be evidence which demonstrates that a party has intentionally relinquished a known right.  Estoppel applies when a party is induced to act or to refrain from acting to her detriment because of her reasonable reliance on another party's misrepresentation or concealment of a material fact."  Syllabus Point 2, *Ara v. Erie Ins. Co.*, 182 W.Va. 266, 387 S.E.2d 320 (1989).

2.      The common-law doctrine of waiver focuses on the conduct of the party against whom waiver is sought, and requires that party to have intentionally relinquished a known right.  A waiver may be express or may be inferred from actions or conduct, but all of the attendant facts, taken together, must amount to an intentional relinquishment of a known right. There is no requirement of prejudice or detrimental reliance by the party asserting waiver.

3.      To the extent that Syllabus Point 3 of *Jarvis v. Pennsylvania Cas. Co.*, 129 W.Va. 291, 40 S.E.2d 308 (1946) and Syllabus Point 3 of *Nat'l Mut. Ins. Co. v. McMahon & Sons, Inc.*, 177 W.Va. 734, 356 S.E.2d 488 (1987) require proof of prejudice or detrimental reliance to establish the common-law doctrine of waiver, they are overruled.

4.      "Under the Federal Arbitration Act, 9 U.S.C. § 2, a written provision to settle by arbitration a controversy arising out of a contract that evidences a transaction affecting interstate commerce is valid, irrevocable, and enforceable, unless the provision

i

is found to be invalid, revocable or unenforceable upon a ground that exists at law or in equity for the revocation of any contract." Syllabus Point 6, *Brown v. Genesis Healthcare Corp.*, 228 W.Va. 646, 724 S.E.2d 250 (2011) (reversed on other grounds by *Marmet Health Care Ctr., Inc. v. Brown*, 132 S. Ct. 1201, 182 L. Ed. 2d 42 (2012)).

5. "Nothing in the Federal Arbitration Act, 9 U.S.C. § 2, overrides normal rules of contract interpretation. Generally applicable contract defenses—such as laches, estoppel, waiver, fraud, duress, or unconscionability—may be applied to invalidate an arbitration agreement." Syllabus Point 9, *Brown v. Genesis Healthcare Corp.*, 228 W. Va. 646, 657, 724 S.E.2d 250, 261 (2011) (reversed on other grounds by *Marmet Health Care Ctr., Inc. v. Brown*, 132 S. Ct. 1201, 182 L. Ed. 2d 42 (2012)).

6. The right to arbitration, like any other contract right, can be waived. To establish waiver of a contractual right to arbitrate, the party asserting waiver must show that the waiving party knew of the right to arbitrate and either expressly waived the right, or, based on the totality of the circumstances, acted inconsistently with the right to arbitrate through acts or language. There is no requirement that the party asserting waiver show prejudice or detrimental reliance.

Chief Justice Ketchum:

In this appeal from the Circuit Court of Kanawha County, we address the state common law doctrine of waiver as it relates to arbitration. The plaintiff asserts that the defendant implicitly waived a contractual right to arbitration by participating in litigation.

The circuit court entered an order finding the defendant had not waived its right to arbitration because it did not participate in the plaintiff's lawsuit, and because the defendant's first court filing asserted the contractual right to arbitration. As set forth below, we affirm the circuit court's order compelling the parties to arbitrate their dispute.

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Richard Parsons was employed by defendant Halliburton Energy Services, Inc. Within the plaintiff's employment agreement was a provision that all disputes with the defendant "shall be finally and conclusively resolved through arbitration . . . instead of through trial before a court."

The plaintiff worked for the defendant from June until October 2013. On December 3, 2013, the plaintiff filed a complaint in the Circuit Court of Kanawha County alleging that the defendant did not timely pay him his final wages as required by the West Virginia Wage Payment and Collection Act ("the WPCA").[1] The plaintiff's complaint

---

[1] *See* W.Va. Code §§ 21-5-1 to -18.

1

also sought to create a class action composed of other former employees of the defendant who were not timely paid their final wages.

On July 7, 2014, some seven months after the plaintiff filed his complaint, the defendant's first court filing was a motion seeking to compel the plaintiff to participate in arbitration. The plaintiff responded to the motion by arguing that the defendant had waived its contractual right to arbitration by failing to timely raise arbitration, and by acting inconsistently with its contractual right to arbitration in the previous seven months. The defendant never filed an answer to the plaintiff's complaint before moving to compel arbitration, yet the plaintiff contends the defendant still participated in the litigation.

As evidence of the defendant's participation, the plaintiff asserts that shortly after the complaint was filed, on December 16, 2013, counsel for the defendant exchanged e-mails with plaintiff's counsel asking for a 45-to-60 day filing extension to plead in the lawsuit. Defense counsel stated the defendant was "in the process of tracking down whether and to what extent" other employees were not paid in accordance with the WPCA, and offered to produce information about other employees to "short-circuit" discovery and litigation. Plaintiff's counsel agreed to the delay by the defendant.

On April 21, 2014, defense counsel contacted plaintiff's counsel by e-mail and asked for additional time to plead. Defense counsel asked if he was "still okay with the responsive pleading deadline and, if we're close, can I ask that it be pushed out again?" In a subsequent phone conversation with plaintiff's counsel, defense counsel said he expected to respond to the plaintiff's needs within two to three weeks.

2

Some five months after the complaint was filed, on May 22, 2014, plaintiff's counsel wrote an e-mail to defense counsel. Plaintiff's counsel noted that defense counsel had not produced the promised information, and said the plaintiff was not providing "an open-ended extension for Halliburton to respond[.]" A new defense lawyer (within the same firm) promptly responded to the e-mail from plaintiff's counsel. The new defense lawyer stated the prior lawyer was no longer working on the case, and said she would need additional time to "get a handle on the status" of the case. Two new lawyers noted their appearances as counsel for the defendant in the last week of June 2014, and the defendant's first substantive filing in the court record – the motion to compel arbitration – was filed on July 7, 2014.

In an order dated November 14, 2014, the circuit court granted the defendant's motion, dismissed the plaintiff's complaint and compelled the parties to participate in arbitration. The circuit court determined that the defendant had not waived its rights under the arbitration provision. Although the defendant admitted to a seven-month delay before moving for arbitration, the circuit court found that the defendant had "not actively participated in this lawsuit." Moreover, the circuit court found the plaintiff was required, but had failed, to prove he was prejudiced by the defendant's actions or delay.

The plaintiff now appeals the circuit court's order dismissing his complaint and compelling him to arbitrate his claims against the defendant.

## II.
## STANDARD OF REVIEW

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

## III.
## ANALYSIS

The facts below are not disputed, and the parties agree that the plaintiff's claims fall within the scope of a clear and unambiguous arbitration agreement. Additionally, the plaintiff does not challenge the enforceability of the arbitration agreement under West Virginia's general contract law. The sole question on appeal is whether the defendant's actions, viewed under principles of state contract law, served to waive its contractual right to arbitration.

The plaintiff insists the defendant actively participated in the underlying litigation by volunteering to produce class-wide discovery and by repeatedly seeking extensions of time to file a responsive pleading. The plaintiff argues the defendant's actions were contrary to its contractual right to avoid the court system and demonstrated the defendant's intent to waive the protection afforded by the contractual arbitration provision.

The defendant counters that these actions did not rise to a level of "substantial participation" in the litigation process, and on balance are not of enough

4

significance to demonstrate waiver. Furthermore, the defendant asserts the plaintiff was required to establish "actual prejudice" before a court could find waiver of a contract right, and asserts the plaintiff failed to meet this burden.

It is a well-established principle of contract law that contract rights can be waived. Under West Virginia contract law (and the contract law of most other states), the "waiver" of a contract right is "defined as the voluntary, intentional relinquishment of a known right." *Hoffman v. Wheeling Sav. & Loan Ass'n*, 133 W.Va. 694, 712, 57 S.E.2d 725, 735 (1950).[2] "To effect a waiver, there must be evidence which demonstrates that a party has intentionally relinquished a known right." Syllabus Point 2, in part, *Ara v. Erie Ins. Co.*, 182 W.Va. 266, 387 S.E.2d 320 (1989). "There must be first, the existence of the right; second, knowledge of the existence of such right; and third, voluntary intention to relinquish." *Hoffman*, 133 W.Va. at 713, 57 S.E.2d at 735. Once a right has been waived, it is forever gone and cannot be reclaimed. "The contractual doctrine of waiver, whether express or implied, seems . . . to rest on an idea no more complicated than that any competent adult can abandon a legal right and if he does so then he has lost it forever." *McElroy v. B.F. Goodrich Co.*, 73 F.3d 722, 724 (7th Cir. 1996).

Waiver of a contract right may be made by an express statement or agreement, or it may be implied from the conduct of the party who is alleged to have

---

[2] *See also*, *Nationwide Mut. Ins. Co. v. Smith*, 153 W.Va. 817, 826, 172 S.E.2d 708, 713 (1970) ("Waiver as generally defined is the intentional relinquishment of a known right."); *Dye v. Pennsylvania Cas. Co.*, 128 W.Va. 112, 118, 35 S.E.2d 865, 868 (1945) ("Waiver is the voluntary relinquishment of a known right.").

5

waived a right. "Waiver may be established by express conduct or impliedly, through inconsistent actions." *Ara*, 182 W.Va. at 269, 387 S.E.2d at 323. "Of course a waiver may be express or it may be inferred from actions or conduct, but all the attendant facts, taken together, must amount to an intentional relinquishment of a known right, in order that a waiver may exist." *Blue v. Hazel-Atlas Glass Co.*, 106 W.Va. 642, 650, 147 S.E. 22, 25-26 (1929).

To rely upon the doctrine of waiver under the common law, a party is not required to show prejudice or detrimental reliance caused by the opposing party's waiver of a contract right. As Chief Justice Davis stated, "The doctrine of waiver focuses on the conduct of the party against whom waiver is sought, and requires that party to have intentionally relinquished a known right. There is no requirement of prejudice or detrimental reliance by the party asserting waiver." *Potesta v. U.S. Fid. & Guar. Co.*, 202 W.Va. 308, 315-16, 504 S.E.2d 135, 142-43 (1998).

Waiver does not require proof of prejudice or detrimental reliance because "[w]aiver is within the control of the party who chooses to relinquish a condition [in the contract], quite apart from whether another party relies on relinquishment." 8 Catherine M.A. Mc Cauliff, *Corbin on Contracts* § 40.1 (1999). "Waiver is essentially unilateral in its character; it results as a legal consequence from some act or conduct of the party against whom it operates; no act of the party in whose favor it is made is necessary to complete it." *Equitable Life Assur. Soc'y of U.S. v. Ellis*, 147 S.W. 1152, 1157 (Tex. 1912). *See also Nathan Miller, Inc. v. N. Ins. Co. of New York*, 39 A.2d 23, 25 (Del. Super. 1944) ("In strictness, waiver is referable to the act or conduct of one party only. It

6

depends on what one party intended to do, rather than upon what he induced his adversary to do, as in estoppel."); *Salloum Foods & Liquor, Inc. v. Parliament Ins. Co.*, 388 N.E.2d 23, 27-28 (Ill.App. 1979) ("Waiver encompasses either an express or an implied voluntary and intentional relinquishment of a known and existing right. Waiver is essentially unilateral in character, focusing only upon the acts and conduct of the insurer. Prejudice to, or detrimental reliance by the insured is *not* required." (Citations omitted)).

Under general principles of state contract law, waiver requires proof of "a voluntary act which implies a choice by the party to dispense with something of value, or to forego some advantage which he might at his option have demanded and insisted on." *Hoffman*, 133 W.Va. at 713, 57 S.E.2d at 735. "Waiver is the voluntary surrender of a right; estoppel is the inhibition to assert a right which the law places on one as a consequence of his own conduct which has resulted in injury or detriment to another. . . Waiver depends upon what one himself intends to do; estoppel depends rather upon what he caused his adversary to do." *Northwestern Nat. Life Ins. Co. v. Ward*, 155 P. 524, 527 (Okla. 1915). Waiver arises from the voluntary actions of the contract's obligor alone; to create an estoppel, both the obligor and obligee must act. 8 *Corbin on Contracts* at § 40.1. As we said in Syllabus Point 2, in part, of *Ara v. Erie Insurance Company*:

> To effect a waiver, there must be evidence which demonstrates that a party has intentionally relinquished a known right. Estoppel applies when a party is induced to act or to refrain from acting to her detriment because of her reasonable reliance on another party's misrepresentation or concealment of a material fact.

7

182 W.Va. at 267, 387 S.E.2d at 321.

In summary, on the question of prejudice or detrimental reliance, the distinction between the common law doctrines of estoppel and waiver is simple: estoppel requires proof of prejudice or detrimental reliance; waiver does not. We therefore hold that the common-law doctrine of waiver focuses on the conduct of the party against whom waiver is sought, and requires that party to have intentionally relinquished a known right. A waiver may be express or may be inferred from actions or conduct, but all of the attendant facts, taken together, must amount to an intentional relinquishment of a known right. There is no requirement of prejudice or detrimental reliance by the party asserting waiver.

Still, the doctrine of waiver is sometimes confused with the doctrine of estoppel, particularly on the question of prejudice and detrimental reliance. The result is that "the terms 'waiver' and 'estoppel' have often been used without careful distinction, and thereby abused and confused." *Salloum Foods & Liquor, Inc.*, 388 N.E.2d at 27. *See also Evelyn v. Raven Realty, Inc.*, 138 A.2d 898, 900 (Md. 1958) ("There is even confusion in the use of the terms 'waiver' and 'estoppel'. Many law writers and courts make no effort to distinguish them and use the terms interchangeably."); *Libby v. Haley*, 39 A. 1004, 1005 (Me. 1898) ("[T]he cases do not all recognize this distinction, and apply the doctrines of waiver and estoppel indiscriminately in furtherance of justice."). Even the treatise *Williston on Contracts* goes so far as to say that "true, pure, or actual waiver" does not require prejudice while "waiver by estoppel" does. 13 Samuel Williston, Richard Lord, *A Treatise on the Law of Contracts* § 39:27 (4th ed. 2013)

8

(footnotes omitted).  *See generally*, *id.* § 39:28 (true waiver based on intent) and § 39:29 (waiver by estoppel based on detrimental reliance).

Cases in West Virginia have not been immune to the confusion and have indiscriminately used the terms "waiver" and "estoppel."  In *Potesta*, Chief Justice Davis recognized that the terms "are often used interchangeably with respect to insurance law." 202 W.Va. at 315, 504 S.E.2d at 142.  For instance, in Syllabus Point 3 of *National Mut. Ins. Co. v. McMahon & Sons, Inc.*, 177 W.Va. 734, 356 S.E.2d 488 (1987), this Court said, "Detrimental reliance is essential to the assertion of waiver or estoppel."  Similarly, in Syllabus Point 3 of *Jarvis v. Pennsylvania Cas. Co.*, 129 W.Va. 291, 40 S.E.2d 308 (1946), we said that an insurer's denial of coverage under an insurance policy "does not result in a waiver or estoppel . . . where no prejudice results to the insured from reliance on the initial statement of the insurer."  These cases are plainly wrong, because considerations of prejudice and detrimental reliance are not essential to the assertion of waiver.[3]  To ensure clarity in our law, we hold that, to the extent that Syllabus Point 3 of

---

[3] Even though proof of prejudice is irrelevant to establishing a waiver, prejudice often occurs following a waiver.  The subsequent prejudice or reliance gives rise to an estoppel:

> Generally, the promisor's waiver of a condition is followed by the promisee's substantial change of position.  At the very least, the promisee will be induced by the waiver not to perform the condition, if the condition consists of some act or forbearance of the promisee.  Thus, if a promisor's duty to convey [property] is conditional on payment by a stated day, the promisor's waiver of the condition may induce the promisee to cease efforts to raise the money and to forbear to pay on the day.  Here we have ample reason for an estoppel,

(continued . . .)

9

*Jarvis* and Syllabus Point 3 of *McMahon* require proof of prejudice or detrimental reliance to establish the common-law doctrine of waiver, they are overruled.[4]

The contract right at issue in this case involves arbitration. Both federal and state laws reflect a strong public policy recognizing arbitration as an expeditious and relatively inexpensive forum for dispute resolution. *See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24-25 (1983) (The Federal Arbitration Act, 9 U.S.C. § 2, "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary."); W.Va. Code § 55-10-2 [2015] (acknowledging "a well-established federal policy in favor of arbitral dispute resolution" because arbitration "offers in many instances a more efficient and cost-effective alternative to court litigation."). Arbitration is also favored because it unburdens crowded court dockets.

Nonetheless, federal and West Virginia courts may refuse to enforce an arbitration agreement "upon such grounds as exist at law or in equity for the revocation

---

or for the enforcement of a promise because of subsequent reliance.

8 *Corbin on Contracts* § 40.2. *See also Restatement (Second) of Contracts* § 84, cmt. b (1981) ("'Waiver' is often inexactly defined as 'the voluntary relinquishment of a known right.' When the waiver is reinforced by reliance, enforcement is often said to rest on 'estoppel.'").

[4] We recognize that, in footnote 11 of *Potesta*, we specifically disapproved of Syllabus Point 3 of *McMahon* "to the extent that it refers to both waiver and estoppel[.]" *Potesta*, 202 W.Va. at 316 n.11, 504 S.E.2d at 143 n.11. However, we choose now to specifically overrule the errant language of *McMahon* as well as that found in *Jarvis*.

10

of any contract." 9 U.S.C. § 2; *see also* W.Va. Code § 55-10-8 [2015] (An arbitration agreement "is valid, enforceable and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract."). We summarized the law in this way:

> Under the Federal Arbitration Act, 9 U.S.C. § 2, a written provision to settle by arbitration a controversy arising out of a contract that evidences a transaction affecting interstate commerce is valid, irrevocable, and enforceable, unless the provision is found to be invalid, revocable or unenforceable upon a ground that exists at law or in equity for the revocation of any contract.

Syllabus Point 6, *Brown v. Genesis Healthcare Corp.*, 228 W.Va. 646, 724 S.E.2d 250 (2011). Hence, a state court may assess whether an arbitration agreement is unenforceable under general principles of state law, "such as laches, estoppel, *waiver*, fraud, duress, or unconscionability." Syllabus Point 9, *Id.* (emphasis added). "To be clear, this list is not exclusive. Misrepresentation, duress, mutuality of assent, undue influence, or lack of capacity, if the contract defense exists under general common law principles, then it may be asserted to counter the claim that a . . . provision binds the parties. Even lack of consideration is a defense." *Geological Assessment & Leasing v. O'Hara*, 236 W.Va. 381, 387, 780 S.E.2d 647, 653 (2015).

Congress's goal in enacting the Federal Arbitration Act ("the FAA") was to place arbitration agreements "upon the same footing as other contracts, where [they] belong." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985) (quoting H.R.Rep. No. 96, 68th Cong., 1st Sess., 1 (1924)). The goal of the FAA "is for an arbitration agreement to be treated by courts like any other contract, nothing more, and nothing less. The FAA has no talismanic effect; it does not elevate arbitration clauses to

11

a level of importance above all other contract terms." *Brown*, 228 W.Va. at 671, 724 S.E.2d at 275.

Stated differently, "[t]he FAA recognizes that an agreement to arbitrate is a contract. The rights and liabilities of the parties are controlled by the state law of contracts." *Geological Assessment & Leasing*, 236 W.Va. at 386, 780 S.E.2d at 652; *see also, State ex rel. Barden & Robeson Corp. v. Hill*, 208 W.Va. 163, 168, 539 S.E.2d 106, 111 (2000) ("[T]he right to arbitration is purely a matter of contract."). "Thus, the question of whether there has been waiver in the arbitration agreement context should be analyzed in much the same way as in any other contractual context. The essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." *Nat'l Found. for Cancer Research v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 774 (D.C. Cir. 1987).

Hence, we apply the general state law of contracts pertaining to waiver and reach an ineluctable conclusion: The right to arbitration, like any other contract right, can be waived. To establish waiver of a contractual right to arbitrate, the party asserting waiver must show that the waiving party knew of the right to arbitrate and either expressly waived the right, or, based on the totality of the circumstances, acted inconsistently with the right to arbitrate through acts or language. There is no requirement that the party asserting waiver show prejudice or detrimental reliance. *See also, Barden & Robeson Corp.*, 208 W.Va. at 168, 539 S.E.2d at 111 ("As with any contract right, an arbitration requirement may be waived through the conduct of the parties.").

12

Most states, including West Virginia, find that constructive knowledge is sufficient for the waiver of a contractual right, including the right to arbitration. As this Court said in *Hoffman*, "The essential elements of a waiver, within the definitions already given, are the existence, at the time of the alleged waiver, of a right, advantage, or benefit, *the knowledge, actual or constructive, of the existence thereof*, and an intention to relinquish such right, advantage, or benefit." 133 W.Va. at 712-13, 57 S.E.2d at 735 (emphasis added).

> Under contract law . . . a finding of waiver does not require that the party have actual knowledge of its legal rights [to arbitration]. It is sufficient if the waiving party had "reason to know the essential facts." Given that the impact of the delay [in turning to litigation before arbitration] is the same regardless of the intent and given that the waiver of the right to arbitrate does not result in the loss of any substantive right, it does not seem unduly onerous to charge the parties to a contractual dispute with constructive knowledge of the terms of the underlying contract.

Thomas J. Lilly, Jr., *Participation in Litigation as a Waiver of the Contractual Right to Arbitrate: Toward a Unified Theory*, 92 Neb. L. Rev. 86, 122 (2013); *see generally In re Estate of Cortez*, 245 P.3d 892, 896-97 (Ariz. Ct. App. 2010) ("[A] majority of courts from other jurisdictions have followed the longstanding rule that constructive knowledge is sufficient for the waiver of a contractual right, such as arbitration. Constructive knowledge 'refer[s] to knowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person.'"); *Bros. Jurewicz, Inc. v. Atari, Inc.*, 296 N.W.2d 422, 429 (Minn. 1980) (Defendant had constructive knowledge of arbitration agreement because, "as a matter of law, absent fraud or concealment, a

13

party should be deemed to have knowledge of the terms of agreements that he has executed.").

The parties in this case dispute what circumstances are required to prove a party waived its contractual right to arbitrate by participating in litigation. To support their analyses, the parties have cited federal and state cases with a broad spectrum of factors and guidelines for courts to consider.[5] These cases "all recognize that under some circumstances participation in litigation can constitute a waiver of the right to arbitrate, but they disagree as to what those circumstances are." Lilly, 92 Neb. L. Rev. at 102.

Unfortunately, most of the cases cited by the parties concern whether, or to what degree, the party resisting arbitration must show prejudice in order to establish that the other party waived its right to arbitrate by participating in litigation. Some cases cited

---

[5] The parties cite to a footnote in a recent opinion where we suggested a party must show they were prejudiced by another party's waiver of the contractual right to arbitration. Citing a federal case, we said that to demonstrate waiver of the contractual right to arbitrate, "a party must show: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Schumacher Homes of Circleville, Inc. v. Spencer*, 235 W.Va. 335, 347 n.12, 774 S.E.2d 1, 13 n.12 (2015) (quoting *U.S. v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009)). By requiring prejudice, however, this footnote is plainly at odds with West Virginia's general law of contracts and we decline to follow it. We do not fault the parties for partly building their arguments upon this footnote, but we caution that this "Court has consistently held that 'language in a footnote generally should be considered obiter dicta' and that if this Court is to create a new point of law, it will do 'so in a syllabus point and not in a footnote.'" *Valentine v. Sugar Rock, Inc.*, 234 W. Va. 526, 532, 766 S.E.2d 785, 791 (2014) (quoting *State ex rel. Med. Assurance of W.Va., Inc. v. Recht*, 213 W.Va. 457, 471, 583 S.E.2d 80, 94 (2003)).

by the parties require no prejudice,[6] while those that do vary as to what degree of prejudice is necessary.[7]

We decline to follow the panoply of approaches cited by the parties because, under West Virginia's long-established law of contracts, courts do not require a showing of prejudice to establish a waiver of contract rights. As we have stated, "[t]he doctrine of waiver focuses on the conduct of the party against whom waiver is sought, and requires that party to have intentionally relinquished a known right. There is no requirement of prejudice or detrimental reliance by the party asserting waiver." *Potesta*, 202 W.Va. at 315-16, 504 S.E.2d at 142-43. The cases cited by the parties imply that this Court should alter its general state law of waiver to incorporate a requirement of prejudice when examining arbitration contracts. Federal and state arbitration statutes require courts to assess arbitration contracts on those grounds that exist at law or in equity for the revocation of *any* contract, not create special rules for the evaluation of arbitration contracts. The general state law of contracts does not require a showing of

---

[6] *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 590 (7th Cir. 1992) ("waiver may be found absent a showing of prejudice."); *Nat'l Found. for Cancer Research*, 821 F.2d at 777 ("This circuit has never included prejudice as a separate and independent element of the showing necessary to demonstrate waiver of the right to arbitration.").

[7] *Compare Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 95 (4th Cir. 1996) (imposing a "heavy burden" to prove "actual prejudice") and *Bower v. Inter-Con Sec. Sys., Inc.*, 181 Cal. Rptr. 3d 729, 735 (Cal.Ct.App. 2014) ("[p]rejudice is a determinative issue") *with Rankin v. Allstate Ins. Co.*, 336 F.3d 8, 12 (1st Cir. 2003) (requiring "a modicum of prejudice to the other side").

15

prejudice to establish a waiver of other contract rights, and so does not require a showing of prejudice for arbitration contracts.

We turn now to the instant case. The undisputed facts are that there is a written arbitration agreement that encompasses the dispute between the parties. While the burden was on the plaintiff to prove the defendant knew of its right to arbitrate, we presume the defendant at least constructively knew because it was both a signatory to the arbitration contract and asserted the arbitration contract in its first court filing. The plaintiff filed his complaint in December 2013, and the defendant's first filing in the circuit court was a motion to dismiss that clearly asserted the arbitration agreement.

There is nothing in the record to suggest the defendant expressly waived its right to arbitrate. The defendant also did not implicitly waive its contractual right to arbitration by answering or responding to the civil complaint without asserting its right.

The question then becomes whether the defendant implicitly waived the right to arbitrate, by acting inconsistently with the right between December 2013 and the filing of the motion to dismiss in July 2014. The delay alone is meaningless; it is the circumstances surrounding the defendant's acts and language that determine whether the defendant implicitly intended to waive the right to arbitrate. The record essentially shows that the defendant asked, three times, for additional time to respond to the plaintiff's complaint. The plaintiff acceded to these requests, even though he was under no obligation to do so. The parties did not comply with Rule 6(b) of the *West Virginia Rules of Civil Procedure* and file a written stipulation with the circuit court agreeing to an

16

enlargement of the time to respond to the plaintiff's complaint.[8] The defendant made no formal, substantive response to any of the plaintiff's requests. On this record we cannot find any error in the circuit court's conclusion that the defendant acted consistently with the arbitration agreement, and did not participate in the plaintiff's lawsuit prior to July 2014. Viewing the totality of the circumstances, the defendant did not implicitly waive its right to arbitrate through its acts and language.

## IV.
## CONCLUSION

We find no error in the circuit court's November 14, 2014, order dismissing the plaintiff's complaint and compelling the parties to arbitrate their dispute.

Affirmed.

---

[8] Rule 6(b) of the *Rules of Civil Procedure* provides, in pertinent part, that, "[w]hen by these rules . . . an act is required or allowed to be done at or within a specified time, all the parties to the action, by written stipulation filed with the court, may agree at any time to a different period[.]"

17