797 S.E.2d 803

**CITIBANK, N.A., Successor to Citibank (South Dakota), N.A., Plaintiff Below, Petitioner,**

v.

**Robert S. PERRY, Defendant Below, Respondent.**

No. 15–1121

Supreme Court of Appeals of West Virginia.

Submitted: November 1, 2016

Filed: November 10, 2016

Jeffrey M. Wakefield, Bryan N. Price, Keith R. Hoover, Flaherty Sensabaugh Bonasso PLLC, Charleston, West Virginia, Attorneys for the Petitioner.

Troy N. Giatras, Matthew W. Stonestreet, The Giatras Law Firm, PLLC, Charleston, West Virginia, Attorney for the Respondent.

Davis, Justice:

In this appeal, plaintiff/counterclaim defendant below, Citibank, N.A. ("Citibank"), petitioner herein, challenges an order entered by the Circuit Court of Boone County that denied Citibank's motion to compel arbitration and stay the action. The circuit court based its denial upon the finding that Citibank had waived its right to arbitration by initiating its claim in circuit court nearly five years prior to seeking arbitration of the matter, and by taking certain actions to further the case. Citibank herein claims it did not waive its right to arbitration pursuant to provisions contained in the arbitration agreement that allowed either party to seek arbitration after filing a lawsuit in court so long as the trial had not begun, and no final judgment had been entered. We have reviewed the parties' briefs, heard their oral arguments, and considered the relevant law. Based upon our thorough consideration of this matter, we now reverse this case and remand for entry of an order compelling arbitration and staying the court action.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The record in this case reflects that the respondent herein, Mr. Robert S. Perry ("Mr. Perry"), defendant below, was issued a Citibank MasterCard account in January 1998. At the time relevant to this matter, the terms and conditions of the "Citibank Card Agreement" governing Mr. Perry's account included an arbitration agreement.[1] The arbitration agreement included the following provisions:

A party who initiates a proceeding in court may elect arbitration with respect to any Claim advanced in that proceeding by any other party. Claims and remedies sought as part of a class action, private attorney general or other representative action are subject to arbitration on an individual (non-class, non-representative) basis, and the arbitrator may award relief only on an individual (non-class, non-representative) basis.

. . . .

At any time you or we may ask an appropriate court to compel arbitration of Claims, or to stay the litigation of Claims pending arbitration, even if such Claims are part of a lawsuit, unless a trial has begun or a final judgment has been entered. Even if a party fails to exercise these rights at any particular time, or in connection with any particular Claims, that party can still require arbitration at a later time or in connection with any other claims.

1. The circuit court's order fails to set out any factual findings pertaining to the arbitration agreement included in the terms and conditions governing Mr. Perry's Citibank MasterCard account at the time relevant to this dispute. Moreover, although the circuit court's order states that the enforceability of the arbitration clause was disputed by Mr. Perry, the order does not render any conclusions of law as to the enforceability of the agreement. Mr. Perry has not filed a cross-petition for appeal assigning as error the circuit court's failure to rule on his challenge to the validity of the agreement. Accordingly, the circuit court's conclusion that Citibank waived its right to arbitration in this matter requires us to infer that the circuit court made the necessary preliminary conclusion that a valid arbitration agreement existed between Citibank and Mr. Perry.

Finally, the agreement included a clause stating that "[n]o portion of this arbitration provision may be amended, severed or *waived* absent a written agreement between you and us." (Emphasis added).

On September 20, 2010, Citibank filed a debt collection action against Mr. Perry in the Circuit Court of Boone County seeking to garner the balance owed on Mr. Perry's account. Mr. Perry's *pro-se* answer, in the form of a letter from Mr. Perry and his wife, was filed on October 1, 2010. The letter stated, among other things, that "[w]e do realize that the debt owed is ours." Then, on April 22, 2011, Citibank filed a motion for judgment on the pleadings. There was never a ruling on this motion. After Citibank's motion was filed, there was a period of inactivity for more than three and one-half years, until December 4, 2014, when Citibank sent its first set of discovery requests to Mr. Perry. Mr. Perry obtained counsel, and, on February 24, 2015, the circuit court entered an agreed scheduling order that had been tendered by the parties. According to the agreed scheduling order, counterclaims were to be filed on or before May 1, 2015. Trial was set for November 17, 2015. In compliance with the scheduling order, on May 1, 2015, Mr. Perry, by his counsel, filed an answer to Citibank's complaint and a class counterclaim alleging, *inter alia*, that Citibank had violated the West Virginia Consumer Credit and Protection Act. Citibank then filed a motion asking the court to compel arbitration of the parties' claims presented in this action. In addition, Citibank sought a stay of the action pending the outcome of the arbitration proceedings.

Following a hearing, the circuit court, by order entered October 15, 2015, concluded that Citibank had implicitly waived its right to arbitration by filing suit in circuit court, litigating its disputes with Mr. Perry in that court, agreeing to an amended scheduling order that allowed counterclaims, issuing fact witness disclosures, requesting judgment on the pleadings, and waiting nearly five years before seeking to invoke its contractual right to arbitrate. This appeal followed.

## II.

### STANDARD OF REVIEW

▮▮▮▮ Citibank's appeal is from an interlocutory ruling denying arbitration. "An order denying a motion to compel arbitration is an interlocutory ruling which is subject to immediate appeal under the collateral order doctrine." Syl. pt. 1, *Credit Acceptance Corp. v. Front*, 231 W.Va. 518, 519, 745 S.E.2d 556, 557 (2013). We review such an order *de novo*.

When an appeal from an order denying a motion [to] dismiss is properly before this Court, our review is *de novo*. See, e.g., Syl. pt. 4, *Ewing [v. Board of Educ. of County of Summers]*, 202 W.Va. 228 [230], 503 S.E.2d 541 [543] [ (1998) ] ("When a party, as part of an appeal from a final judgment, assigns as error a circuit court's denial of a motion to dismiss, the circuit court's disposition of the motion to dismiss will be reviewed *de novo*.").

*Credit Acceptance*, 231 W.Va. at 525, 745 S.E.2d at 563.

▮▮▮▮ Insofar as our resolution of this matter requires us to consider the language of the parties' contract,

[w]e previously have held that " '[i]t is the province of the Court ... to interpret a written contract.' Syl. Pt. 1[, in part], *Stephens v. Bartlett*, 118 W.Va. 421, 191 S.E. 550 (1937)." Syl. pt. 1, in part, *Orteza v. Monongalia Cnty. Gen. Hosp.*, 173 W.Va. 461, 318 S.E.2d 40 (1984). Therefore, "we apply a *de novo* standard of review to [a] circuit court's interpretation of [a] contract." *Zimmerer v. Romano*, 223 W.Va. 769, 777, 679 S.E.2d 601, 609 (2009) (per curiam) (citation omitted).

*Finch v. Inspectech, LLC*, 229 W.Va. 147, 153, 727 S.E.2d 823, 829 (2012). Having set out the proper standards for our review, we now consider the dispositive issue raised in this appeal.

## III.

### DISCUSSION

▮▮▮▮ This case is resolved on the single issue of whether Citibank waived its arbitra-

tion rights in this matter.[2] The circuit court ruled that

> Citibank effectively waived any purported arbitration rights it once held because Citibank, *inter alia*, voluntarily selected Boone County Circuit Court as its preferred forum, litigated its disputes with Mr. Perry in this Court, agreed to an amended scheduling order allowing for counterclaims, issued fact witness disclosures, requested judgment on the pleadings, and waited nearly five years to invoke its purported contractual right to arbitrate. These repeated and voluntarily [sic] actions of Citibank constitute waiver because "[v]oluntary choice is of the very essence of waiver." ...

(Quoting *Hoffman v. Wheeling Sav. & Loan Ass'n*, 133 W.Va. 694, 713, 57 S.E.2d 725, 735 (1950)).

Citibank argues that the circuit court erred in finding that Citibank waived its right to arbitrate because, under traditional rules of contract application, Citibank's clear contractual right to seek arbitration at any time prior to judgment or trial must be recognized. In this regard, Citibank contends the arbitration agreement is unambiguous and must be applied.[3] Citibank further asserts that language in the "Citibank Card Agreement" allows Citibank to delay enforcing a right without waiving that right: "[w]e can delay in enforcing or fail to enforce any of our rights under this Agreement without losing them." Citibank asserts that, "[b]ecause of the strong federal policy favoring arbitration, ... [courts] will not lightly infer

the circumstances constituting waiver." *American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 95 (4th Cir. 1996). Citibank contends that the dispositive inquiry is whether the party objecting to arbitration has suffered actual prejudice.

Mr. Perry argues that Citibank's actions and extreme delay clearly demonstrate it waived its right to compel arbitration in this case. Mr. Perry further contends that Citibank's actions resulted in prejudice to him. He points to the circuit court's findings that certain conduct by Citibank has caused him prejudice. Additionally, Mr. Perry asserts that, the contractual language notwithstanding, Citibank, by its actions, waived its right to compel arbitration.

The arbitration clause at issue provided, in relevant part:

> At any time you or we may ask an appropriate court to compel arbitration of Claims, or to stay the litigation of Claims pending arbitration, even if such Claims are part of a lawsuit, unless a trial has begun or a final judgment has been entered. Even if a party fails to exercise these rights at any particular time, or in connection with any particular Claims, that party can still require arbitration at a later time or in connection with any other Claims.

Despite the no waiver clause in the subject arbitration agreement, this Court is entitled to apply standard contract law pertaining to

---

**2.** Citibank raised an additional issue asserting that the circuit court erred by applying West Virginia law to the question of waiver despite the fact that the "Citibank Card Agreement" directs that "[t]he terms and enforcement of this agreement shall be governed by federal law and the law of South Dakota, where we are located." Citibank complains that, even though it raised the issue below, the circuit court made no finding of the applicable law. Because Citibank failed to obtain a ruling on this issue, we find it has not been preserved for appeal. *See* Syl. pt. 5, *State ex rel. State Farm Mut. Auto. Ins. Co. v. Bedell*, 228 W.Va. 252, 256, 719 S.E.2d 722, 726 (2011) ("This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." (quotations and citations omitted)). Moreover, we note that Citibank failed to direct this Court to the location in the

record where the choice of law issue was addressed. Under Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, a petitioner's brief "must contain ... appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. *The Court may disregard errors that are not adequately supported by specific references to the record on appeal.*" (Emphasis added). Finally, Citibank concedes that West Virginia and South Dakota law appear to be consistent in relation to the relevant issues. Therefore, any error in applying West Virginia law to this matter is harmless.

**3.** Mr. Perry likewise makes no assertion that the provisions at issue are ambiguous.

waiver. *See Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 717 (6th Cir. 2012) ("[T]he presence of [a] 'no waiver' clause does not alter the ordinary analysis undertaken to determine if a party has waived its right to arbitration.... This makes sense because to allow the 'no waiver' clause to preclude a finding of waiver would permit parties to waste scarce judicial time and effort and hamper judges' authority to control the course of the proceedings and allow parties to test[ ] the water before taking the swim by delaying assertion of their right to arbitration until the litigation is nearly complete." (quoting *S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 86 (2d Cir. 1998)) (additional citations and quotations omitted)). *Accord Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 452–53 (3d Cir. 2011); *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 348–49 (5th Cir. 2004).

 Under West Virginia law, "[t]o effect a waiver, there must be evidence which demonstrates that a party has intentionally relinquished a known right." Syl. pt. 2, in part, *Ara v. Erie Ins. Co.*, 182 W.Va. 266, 387 S.E.2d 320 (1989). Moreover, we have clarified that

> [t]he common-law doctrine of waiver focuses on the conduct of the party against whom waiver is sought, and requires that party to have *intentionally relinquished a known right*. A waiver may be express or may be inferred from actions or conduct, but all of the attendant facts, taken together, must amount to an intentional relinquishment of a known right. There is no requirement of prejudice or detrimental reliance by the party asserting waiver.

4. This Court, in *Parsons*, further clarified that,
 > [t]o the extent that Syllabus Point 3 of *Jarvis v. Pennsylvania Cas. Co.*, 129 W.Va. 291, 40 S.E.2d 308 (1946) and Syllabus Point 3 of *Nat'l Mut. Ins. Co. v. McMahon & Sons, Inc.*, 177 W.Va. 734, 356 S.E.2d 488 (1987). require proof of prejudice or detrimental reliance to establish the common-law doctrine of waiver, they are overruled.
 Syl. pt. 3, *Parsons v. Halliburton Energy Servs., Inc.*, 237 W.Va. 138, 142, 785 S.E.2d 844, 848 (2016).

Syl. pt. 2, *Parsons v. Halliburton Energy Servs., Inc.*, 237 W.Va. 138, 142, 785 S.E.2d 844, 848 (2016) (emphasis added).[4] Thus, Citibank's conduct must demonstrate that it "intentionally relinquished a known right." *Id.* We find no such evidence in this case.

It is undisputed that Citibank filed a simple debt collection action in the circuit court and that Mr. Perry filed a *pro-se* response wherein he conceded that the debt owed was his. Approximately six months later, Citibank filed a motion for judgment on the pleadings that never was ruled upon by the circuit court. After a long period of about three and one-half years of inactivity in the case, Mr. Perry ultimately obtained counsel, and the parties filed an agreed scheduling order allowing for a counterclaim. Mr. Perry filed his class counterclaim on May 1, 2010, which was more than four and one-half years after Citibank initiated its debt collection action against him. Markedly, Mr. Perry's counterclaim, which asserted a putative class action claiming, *inter alia*, violations of the West Virginia Consumer Credit and Protection Act, significantly changed the character of the proceeding from a simple debt collection action to a potential class action lawsuit. Less than two months after Mr. Perry filed his counterclaim, Citibank filed its motion to compel arbitration and to stay the court action. Under these particular circumstances, we do not find evidence that Citibank's conduct demonstrated an intent to relinquish a known right.[5] Indeed, where Mr. Perry delayed more than four and one-half years before filing his counterclaim, we will not attribute the lengthy duration of inactivity in this case solely to Citibank. Once Mr. Perry's counterclaim was filed, Citibank responded in a reasonable time, less than two months, by filing its motion to compel arbitration.

5. We note that some of the actions taken by Citibank that were relied upon by the circuit court to find waiver, and that Mr. Perry contends demonstrate waiver, were actions that were taken *after* Citibank filed its motion to compel arbitration but prior to Mr. Perry's response to the motion and the circuit court's ruling on the same. It is disingenuous to claim that these actions, taken after Citibank asserted its right to arbitration, demonstrated Citibank's intent to relinquish that right..

Although Mr. Perry is not required under our law to assert prejudice, he has, nevertheless, asserted that he has been prejudiced by Citibank's conduct in this matter. He contends that, while Citibank has not responded to his discovery requests, he has provided Citibank with answers to requests for production, interrogatories, and requests for admissions.[6] His remaining claims of prejudice relate to the length of time that passed before Citibank sought to compel arbitration. We do not find that the facts relied upon by Mr. Perry have established prejudice, especially in light of the fact that he delayed more than four and one-half years before asserting his counterclaim. Accordingly, we find no waiver by Citibank.

## IV.

### CONCLUSION

Based upon our conclusion that Citibank has not waived its right to compel arbitration in this matter, we reverse the October 15, 2015, order of the Circuit Court of Boone County and remand this matter for entry of an order compelling arbitration and staying the court action.

Reversed and Remanded.

---

6. Notably, the record on appeal does not contain Mr. Perry's discovery answers, and he fails to explain specifically how he is prejudiced by the answers he provided.